# City of Scranton, Appellant, *v.* Scranton Electric Light & Heat Company.

*Taxation—Municipalities—Electric light company—License tax.*

Where an ordinance makes a statement of the gross earnings of an
electric light company for the year ending June 1st a basis for taxes
payable on April 1st, and it appears by its express terms that the
ordinance is to take effect on the April 1st following its approval, the
ordinance is to be construed as making the taxes payable in the first
place for the year from the April 1st following the approval of the
ordinance.  The taxes do not become due and payable on the very day
the ordinance went into effect.

A city of the second class has no power to levy a tax upon the gross
receipts of an electric light and power company.

Submitted Feb. 28, 1907.    Appeal, No. 3, Jan. T., 1908, by
plaintiff, from order of C. P. Lackawanna Co., Jan. T., 1904,
No. 436, dismissing exceptions to report of referee in case of
City of Scranton v. Scranton Electric Light & Heat Company.
Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD
and BEAVER, JJ.    Affirmed.

Exceptions to report of James H. Torrey, Esq., referee.

KELLY, J., filed the following opinion :

This action was brought to recover the amount of a license
tax levied against the defendant by virtue of an ordinance of
the city which provides, inter alia, that every electric light
company, engaged in business or about to engage in business,
shall procure a license from the city treasurer and shall pay
for it, annually, two per centum of its gross receipts per an-
num.    After issue joined it was referred to a referee, under
the provisions of the act of 1869, and supplements, who filed
a report in which he directed judgment to be entered in favor

of the defendant. The case is now before us on exceptions filed in behalf of the plaintiff.

The second and fifth exceptions are dismissed without comment, as we acquiesce entirely with the reasoning and conclusions of the learned referee upon the subject-matter of these exceptions. The fourth raises questions which are also raised by the other exceptions, and need not be separately considered. The third raises the most important question involved in the case, viz.: the power of the city to levy the tax imposed by the ordinance.

Before the passage of the ordinance Scranton had become a city of the second class, and it is claimed on the part of the city that the authority for the levying and collection of the tax in question is found in article XIX, section 3, clause 4, of the Act of March 7, 1901, P. L. 20, which reads as follows: "Every city of the second class shall have power, for general revenue purposes, to levy and collect a license tax, to be fixed by ordinance, upon street railways, hack-driver, auctioneers, and all and every corporation, company or individual doing business in said city, payable annually, and to regulate the collection of the same." An examination of the ordinance under which this tax is sought to be recovered can lead to but one conclusion, and that is, as found by the learned referee, that the tax in question is not a license tax, but a franchise tax, or business tax. No discussion of this proposition need be added to that found in the report.

That the legislature may impose such a tax upon corporations, in the absence of constitutional restriction or charter provisions forbidding it, cannot be doubted; and that the power to impose such a tax may be delegated to a municipal corporation, is equally clear. The question, therefore, is, does the clause of the act of 1901, which we have quoted, confer upon cities of the second class the right to levy and collect such a tax. We think not. The power to do so is not inherent in municipal corporations, and it will not be held to exist unless conferred in express terms or by necessary implication. Statutes delegating such powers are to be construed strictly, and if there is any doubt as to the existence of the power, it must be resolved in favor of the public and against the municipality: 21 Am. & Eng. Ency. of Law (2d ed.), 783.

The power conferred by the words of the act is to levy and collect a license tax upon street railways, hack-drivers, auctioneers, etc. This language indicates the intention to levy and collect license taxes within the ordinary meaning of the term. It is true that the act says that the power to levy and collect such taxes shall be "for general revenue purposes," and it is one of the tests in determining whether the legislature intended to provide for a license fee, or a tax, to consider whether the purpose was for revenue only, or for the purpose of regulation; but that is not the only test. In construing any statute we must look to the whole of the language used. The provision for levying a license tax upon street cars, hack-drivers and auctioneers suggests that regulation was the uppermost thought of the legislative mind, while the provision that the tax was for general revenue purposes, suggests the contrary. The legislative intent is not very clearly expressed, but is, to say the least, ambiguous. As was said by FRAZER, P. J., in Pittsburg Rys. Co. v. Pittsburg, 211 Pa. 479 : "As an authority delegated by the state to impose and collect a tax, the clause is quite indefinite."

It appears in the findings of fact that the defendant company has paid to the state a tax upon its capital stock, and also a tax upon its gross receipts, as required by the laws of the commonwealth, for the same period of time that the city now seeks to collect the tax in question. However this tax may be designated by the city ordinance, it is in fact, an additional tax upon its gross receipts, and to construe the statute so as to authorize its collection would be to subject the defendant to double taxation. While, in Pennsylvania, the legislature may impose double taxation, in a proper manner, the intent to do so will not be presumed. The presumption is against the existence of such an intention, and this presumption will prevail until it is overcome by express language showing such intent: Fidelity Ins., etc., Co. v. Loughlin, 139 Pa. 612; Com. v. Fall Brook Coal Co., 156 Pa. 488. Upon this principle also we are forced to the conclusion that the clause of the act in question does not confer upon the city the right to impose such a tax.

This clause has been construed by the Supreme Court in Pittsburg Rys. Co. v. Pittsburg, 211 Pa. 479, and it was there

held that it did not confer power to collect a property tax. While the question in that case was not precisely the question here, the same principle is involved. Mr. Justice BROWN, in his opinion on page 487, said : " What the act of assembly authorizes the city to levy and collect is a license tax or fee. . . . " And again, at page 488, he said : " The authority conferred on the city of Pittsburg by the paragraph quoted from section 3, art. XIX, of the act of 1901, is to levy and collect a license tax or fee. The attempt is to collect a property tax which is not authorized by either of the paragraphs. . . . " Here the attempt is to collect a franchise or a business tax, which the statute does not authorize.

Inasmuch as we have concluded that there is no authority to support the ordinance at all, it would be idle to discuss the first exception, which relates to the question of the uniformity of the tax imposed by it. There are also questions in the case which are not raised by the exceptions, and therefore need receive no consideration.

We might well have disposed of the case by dismissing the second exception, which attacks the fifth conclusion of law, viz. : That there was no tax due, under the provisions of the ordinance, for the year ending April 1, 1902, but that would have left the main question, the question of the power to levy the tax sued for, undecided; and as that question is fairly raised by the exceptions we think the public interests require that it be passed upon. And it is only on account of the public importance of the question that we see fit to add anything to the learned discussion of the referee.

The exceptions are dismissed, and judgment is directed to be entered in accordance with the order of the referee.

*Error assigned* was the order of the court.

*David J. Davis,* city solicitor, and *H. R. Van Deusen,* assistant city solicitor, for appellant.—The ordinance is constitutional within the purview of article XIX, sec. 1, of the constitution : Williamsport v. Wenner, 172 Pa. 173 ; Com. v. Clark, 195 Pa. 634 ; Duffy v. Phila., 42 Pa. 192 ; Butler's App., 73 Pa. 448 ; Allentown v. Gross, 132 Pa. 319 ; Providence Bank v. Billings, 29 U. S. 514 ; Stanislaus County .v. San Joaquin,

etc., Canal, etc., Co., 192 U. S. 201 (24 Sup. Ct. Repr. 241) ; Covington, etc., Turnpike Co. v. Sanford, 164 U. S. 578 (17 Sup. Ct. Repr. 198) ; Mayor, etc., of New York v. Twenty-third St. Ry. Co., 113 N. Y. 311 (21 N. E. Repr. 60) ; Dow v. Beidelman, 125 U. S. 680 (8 Sup. Ct. Repr. 1028) ; Allentown v. Gross, 132 Pa. 319 ; Hadtner v. Williamsport, 15 W. N. C. 138 ; Com. v. Canal Co., 123 Pa. 594 ; Com. v. Brewing Co., 145 Pa. 83 ; Com. v. National Oil Co., 157 Pa. 516 ; Farrington v. Tenn., 95 U. S. 679 ; Shelby County v. Union, etc., Bank, 161 U. S. 149 (16 Sup. Ct. Repr. 558) ; Ætna Fire Ins. Co. v. City of Reading, 119 Pa. 417 ; Kittanning Electric Light, etc., Co. v. Kittanning Boro., 11 Pa. Superior Ct. 31.

*Willard, Warren & Knapp,* for appellee.—The fee or tax levied by this ordinance is not uniform : Pittsburg Rys. Co. v. Pittsburg, 211 Pa. 479 ; Reading R. R. Co. v. Pennsylvania, 82 U. S. 284 ; State v. Philadelphia, etc., R. R. Co., 45 Md. 361 ; Com. v. Fall Brook Coal Co., 156 Pa. 488 ; Com. v. Manor Gas Coal Co., 188 Pa. 195 ; Scranton v. Scranton Electric Light & Power Co., 8 Pa. C. C. Rep. 626 ; Pittsburg's Appeal, 123 Pa. 374 ; West Chester Gas Co. v. Chester County, 30 Pa. 232.

OPINION BY RICE, P. J., April 15, 1907 :

The ordinance in question was approved on November 4, 1901, and by its express terms was to take effect on the first Monday of April, 1902. It provides that every person, firm and corporation engaged in or about to engage in any calling, vocation or business named in the ordinance shall procure a license from the city treasurer and pay for the same a certain percentage annually of gross receipts. Electric light companies are required to pay two per cent. of their gross receipts. The second section provides that all license taxes shall be due the first Monday of April in each year, and if not paid before the first day of June next ensuing a penalty of five per cent. shall be added ; further, that all the persons required to pay a percentage of their gross earnings shall furnish to the city treasurer a statement showing the amount of business done " for year ending June 1, before the payment of the license tax shall become due and payable, and on the first of June in every year

thereafter . . . . and license fees collected by the city treasurer shall be based on said return." Upon September 16, 1903, the defendant, in compliance with the request of the city treasurer, furnished to him a statement of its gross receipts for the twelve months ending June 1, 1902, and upon the amount thereof the city treasurer assessed a license tax of two per centum; for which, with a penalty of five per cent., this suit was brought. The first question to be considered is whether the tax became due and payable on the very day the ordinance went into effect. As the tax is made payable on the first Monday of April and is based on a statement of the gross receipts of the company for the year ending June 1, preceding, " the gross receipts for the year ending June 1, 1902, could be the basis of no other tax than that which was due the first Monday of April, 1903 " as the learned referee well says. We see no escape from his conclusion, which was approved by the learned court below, that no tax was due for the year ending April 1, 1902, the period covered by this action. Nor, even if it be assumed that the tax for each fiscal year is payable in advance, can we see how the ordinance can be so construed as to make a statement of gross earnings for the year ending June 1, 1902, the basis of taxation for the fiscal year which began on April 1, preceding. The ordinance clearly contemplates that the tax due on the first Monday of April shall be based on the gross receipts for the year ending the preceding June; therefore, whether we regard the first Monday of April as the beginning or the end of the year for which the tax is exacted, the referee and the court were right in holding that the present action cannot be maintained.

The important question raised by the exceptions and assignments of error and discussed in the report of the referee and the opinion of the court, as well as by counsel upon both sides in the printed briefs upon which the case was submitted, is whether the ordinance is a valid exercise of the taxing powers conferred on cities of the second class. We agree with counsel for the appellant that the question involved is one of great interest to all cities of the second class and public service corporations operating therein, and invites the most careful consideration. The power to impose a license tax upon the gross receipts of such corporations is supposed to be derived from sec-

tion 4, article 3, of the act of May 7, 1901, which reads: "4. Every city of the second class shall have power, for general revenue purposes, to levy and collect a license tax, to be fixed by ordinance, upon street railways, hack drivers, auctioneers, and all and every corporation, company or individual doing business in said city, payable annually, and to regulate the collection of the same." This section of the act was under consideration in the recent case of Pittsburg Railways Co. v. Pittsburg, 211 Pa. 479, and the three cases which immediately follow it. It was there held that a tax imposed by a city of the second class of twenty-five cents per foot for each lineal foot of track laid, maintained or operated by a street railway within the city, exclusive of such tracks as may be in its yards or buildings, is a property tax and not a license tax or fee within the meaning of the section of the act of 1901, above quoted, although so designated in the ordinance. The difference between the two cases as to the basis upon which the amount of the tax is to be computed does not, in our judgment, distinguish them in principle. Indeed, it would seem that a tax or fee measured by the extent and manner in which a street railway company occupies the streets of a municipality might more appropriately be imposed under a power to collect a license tax, than a tax or fee measured by the gross receipts of the company. A full consideration of the cases cited in the briefs of counsel leads us to the conclusion that the referee and court were right in holding that the power delegated to a municipality to collect license taxes, even for revenue purposes, cannot be construed to include a tax upon gross receipts. Their conclusion is so well supported by the report of the learned referee and the opinion of the learned judge overruling the exceptions thereto as to render it unnecessary for us to do more than to state our concurrence therewith.

In view of the foregoing conclusions upon the two points suggested we need not consider the question whether the taxes levied under the ordinance are in violation of section 1, article 9 of the constitution relative to uniformity of taxation.

Judgment affirmed.